Below is an Opinion of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) |
| | ) Bankruptcy Case No. |
| CAROL ANN NAMES, | ) 10-65697-elp13 |
| | ) |
| Debtor. | ) |
| | ) |
| NATHAN FREEMAN, OLEN NATIONS and | ) Adversary No. 10-6244 |
| MARY NATIONS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| CAROL ANN NAMES and GERALD NORMAN AND JANET NORMAN, as Trustees of the Norman Trust, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a dispute arising out of a non-judicial foreclosure sale to plaintiffs Nathan Freeman, Olen Nations, and Mary Nations ("plaintiffs") of debtor Carol Names's ("debtor") home. Defendants Gerald and Janet Norman ("the Normans") held a trust deed on debtor's property. When debtor defaulted on the payments, the Normans foreclosed non-judicially,

Page 1 - MEMORANDUM OPINION

selling the property to plaintiffs. Debtor claims that the sale is void because the notice of sale, which was timely given to her, omitted a notice to residential tenants that she argues was required under ORS 86.745(9). Plaintiffs and the Normans move for summary judgment, arguing that the sale was properly conducted and foreclosed any right debtor had in the property.

## FACTS

The facts are not in dispute. In 2009, debtor executed a note that was secured by a trust deed in favor of the Normans. Debtor defaulted on her payments to the Normans, and they commenced non-judicial foreclosure proceedings. The successor trustee filed a notice of default, which was recorded in Josephine County. On March 4, 2010, he mailed to debtor a Trustee's Notice of Sale, advising debtor that the property was to be sold on July 29, 2010. The notice was personally served on debtor on March 5. The trustee recorded the notice of sale on March 11, 2010. The notice was also published in the local newspaper. The notice of sale contained all of the information required by ORS 86.745 to be included in a notice of sale that related to debtor, including the fact of the default; the date, time, and place of the foreclosure sale; and her right to cure. The notice did not include the language provided for in ORS 86.745(9), which is a notice to residential tenants. There was no residential tenant living in the property at the time of the notice.

On July 19, 2010, the trustee received a telephone call from counsel for debtor, who asked for a payoff amount to cure the default. The trustee sent debtor's counsel payoff information, and agreed to postpone the foreclosure sale until August 31, 2010, to allow debtor time to

Page 2 - MEMORANDUM OPINION

refinance. Debtor's counsel sent a confirming email indicating that debtor was attempting to obtain financing to pay off the loan. On August 18, 2010, the trustee inquired of debtor's counsel whether debtor was going to cure the default or do anything else. When the trustee did not hear back from debtor's counsel, he conducted the sale on August 31, 2010. Plaintiffs were the successful bidders at the sale. The trustee recorded his Affidavit of Compliance on August 3, 2010, and the Trustee's Deed was recorded with the county on September 1, 2010.

Debtor filed her chapter 13 petition on September 21, 2010. She claims that the sale was invalid, and therefore she still holds an interest in the property. Although she does not dispute that she was in default on the loan and was served with the notice of sale, she argues that the sale was void because the notice failed to comply with Oregon law by omitting the notice of sale to residential tenants, and therefore the trustee lacked authority to sell the property.

Plaintiffs filed this complaint seeking a declaration that they are the owners of the property free and clear of any claim by debtor. In the alternative, if the court determines that debtor still has an interest in the property, they seek damages from the Normans, consisting of the equity they would have had but for debtor's claim. Debtor filed a counterclaim to quiet title in her.

Both plaintiffs and the Normans have filed motions for summary judgment. Both motions seek a determination that the sale was valid and that plaintiffs are the owners of the property, free of any interest of

Page 3 - MEMORANDUM OPINION

debtor.[1]  Debtor opposes both motions based on her view that the undisputed facts show that the sale was void.

## DISCUSSION

The court shall grant summary judgment if there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). Because in this case there is no dispute about any of the material facts, the only question is whether plaintiffs and the Normans are entitled to judgment as a matter of law.

1. Oregon non-judicial foreclosure provisions

Under Oregon law, the trustee of a deed of trust can foreclose by advertisement and sale if, among other things, the trust deed has been recorded, there has been a default by the grantor, and no other action has been instituted to recover the debt. ORS 86.735. Before the trustee can sell the property, the trustee must follow certain procedures set out in Oregon's Trust Deed Act, ORS 86.705 to 86.795. The trustee must, for example, file with the county clerk's office a notice of default that contains the information required by ORS 86.745 and the trustee's election to sell the property to satisfy the obligation. ORS 86.735(3). At least 120 days before the date of the trustee's sale, a notice of sale must be served on the grantor and on any occupant of the property. ORS

---

[1] In the alternative, plaintiffs seek a determination that they are the lawful owners of the property because they are bona fide purchasers who took title to the property after paying good faith consideration, without actual or constructive notice of any adverse claims by debtor, and relying on the recitals in the trustee's deed. Because I conclude that the sale was valid, I need not address the alternative bona fide purchaser argument.

Page 4 - MEMORANDUM OPINION

86.740(1)(a); ORS 86.750. If the property being foreclosed is residential property, the sender of the notice of sale must also serve on the grantor and, if the sender knows that the grantor is not occupying the real property, on the occupant of the property a notice advising the grantor and occupant that they are in danger of losing their property if action is not taken immediately. ORS 86.737.

The notice of sale "shall" provide certain specific information, including, among other things, the names of the grantor, trustee, and beneficiary in the trust deed; a description of the property; the default for which foreclosure is being made; the sum owing on the obligation; that the property will be sold; and the date, time, and place of sale. ORS 86.745(1) - (8). The notice "shall" also include, if the property contains one or more dwelling units, "a notice addressed clearly to any person who occupies the property and who is or might be a residential tenant." ORS 86.745(9).[2] The notice provided for in ORS 86.745(9) must contain certain information, including contact information about how to obtain legal counsel, information about the right to notice under ORS

---

[2] This provision was amended during the 2010 special session of the legislature. The phrase "If the property includes one or more dwelling units, as defined in ORS 90.100," was added to the beginning of ORS 86.745(9), and the word "residential" added before the word "tenant." Or. Laws 2010, c. 28 (1st Sp. Sess.) § 1. This change applies to notices given on or after the effective date of the Act, which was March 4, 2010. Id. at § 6(1). Therefore, the changes apply to this notice, which was given on March 4.

The same bill also changed the requirements for the contents of the notice. Or. Laws 2010 (1st Sp. Sess.) c. 28 § 2. That change, however, was not operative until June 30, 2010, after this notice of sale was given. Id. at § 7(1).

Page 5 - MEMORANDUM OPINION

86.755(5)(c),[3] and the fact that the person may have additional rights under federal law. ORS 86.745(9)(a), (b). This information must "[b]e set apart from other text in the notice of sale[,]" and must "[b]e in substantially" the form set out in the statute. ORS 86.745(9)(c), (d).

If the trustee sells the property covered by a trust deed, "the trustee's sale forecloses and terminates the interest in the property that belongs to a person that received notice of the sale under ORS 86.740 and 86.750 . . . ." ORS 86.770(1). "A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons who were notified." Id.

There is no dispute that the deed of trust at issue in this case was recorded; that debtor, the grantor of the trust deed, was in default of her obligations under the trust deed; and that no other action had been commenced to collect the debt. Further, there is no dispute that the notice of default containing the trustee's election to sell was recorded.

There is also no dispute that debtor was served with a notice of sale within the time provided by statute. The notice of sale that was served on debtor did not, however, include the notice to residential tenants required by ORS 86.745(9).

2. Debtor's argument

Debtor argues that the sale was void because of one defect in the form of the notice: the notice of sale she received did not contain the information set out in ORS 86.745(9), regarding the rights of residential tenants when the property they occupy is in foreclosure. Because the

---

[3] ORS 87.755(5)(c) deals with how the purchaser at a trustee's sale can obtain possession of the property from a residential tenant.

Page 6 - MEMORANDUM OPINION

statute requires that information to be included in the notice of sale and it was not, debtor argues, she never got the notice to which she was entitled under the statute, and therefore the trustee lacked authority to sell the property and the sale was void.

It is not clear whether ORS 86.745 requires the notice to residential tenants be included in every notice of sale, regardless of whether there is an occupant of the property who is or might be a residential tenant. For purposes of this opinion, I will assume without deciding that the notice of sale was defective because it omitted the notice required by ORS 86.745(9), even though there was no occupant of the property who was or might have been a residential tenant.[4]

A. <u>Authority to sell the property</u>

Debtor argues that the defect in the form of the notice deprived the trustee of the authority to sell the property. She cites <u>Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.</u>, 209 Or. App. 528 (2006), for the proposition that the trustee's failure to comply with the requirements of the non-judicial foreclosure statutes deprives the trustee of the authority to sell the property and voids any sale. In <u>Staffordshire Investments</u>, the court held that a default in payment is a precondition to the exercise of the trustee's authority to sell the

---

[4] The Affidavit of Service of Trustee's Notice of Sale in this case shows that the Notice of Sale was served on debtor as well as on a person named Mike Hardin, who is referred to in the Affidavit as "(co-tennant)" [sic]. At the hearing on these motions for summary judgment, I asked the parties whether Mr. Hardin was a tenant at the time the notice of sale was served. Counsel for debtor responded that he was not arguing that there was a tenant or renter in the property at the time the notice was given. Therefore, I conclude that the fact is undisputed that there was no tenant in the property when the notice of sale was given.

Page 7 - MEMORANDUM OPINION

property in a non-judicial foreclosure sale. The requirement that there be a default "goes to the substance of the challenged agreement." Id. at 543. In that case, there was no default, and so no statutory authority to sell. At least when challenged before the trustee's deed was recorded, the court said, the sale was void. Id.

ORS 86.735 grants authority to a trustee to foreclose a trust deed by advertisement and sale. The statute sets out four preconditions for that authority: the trust deed is recorded in the mortgage records of the county, there is a default by the grantor, the trustee has filed a notice of default and election to sell in the county clerk's office, and no action has been instituted to recover the debt secured by the trust deed. ORS 86.735(1)-(4). Default is a precondition for the authority to sell and thus for a valid sale. Without a default, there is no authority to sell.

This case is different. Here, all of the preconditions for the trustee's authority to sell were met. The only defect was in the form of the notice of sale. Therefore, the trustee had the authority to sell.

B. <u>Effect of defect in form of notice of sale</u>

The question then is whether the defect in the form of the notice of sale, where debtor got timely notice of all of the information pertinent to her and did not raise the alleged defect until the sale was completed and the trustee's deed was recorded, is fatal to the validity of the sale. I conclude that, under the facts of this case, debtor's objection to the form of the notice comes too late.

Debtor does not dispute that the notice of sale she received was timely, contained all of the information required by ORS 86.745 that was

Page 8 - MEMORANDUM OPINION

pertinent to her, and provided her the information that she needed to protect her rights: the names of the parties; the description of the property; the default; the sum owing on the obligation; that the property would be sold to satisfy the obligation; the date, time, and place of sale; and the right to cure the default. Debtor does not contend that there was a residential tenant living in the property at the time the notice was given.

Debtor retained counsel, who failed to raise any objection based on any defect in the form of the notice when he contacted the trustee to request a postponement of the sale to allow debtor time to obtain financing to pay off the debt. The trustee allowed the postponement, debtor did not refinance, and she remained silent while the sale proceeded and the trustee's deed was recorded.

Debtor had timely notice of everything pertinent to her and her ability to protect her rights in the property. There was no residential tenant in the property to whom the notice required by ORS 86.745(9) would relate. The defect in the form of the notice had no impact on debtor's substantive rights. Her failure to bring the defect in the form of the notice, which related to information that was not relevant to protection of her interest, to the attention of the trustee before he conducted the sale and recorded the trustee's deed precludes her from now arguing that the defect in the form of the notice makes the sale void.[5]

---

[5] At its core, debtor's argument is that receiving a defective notice, no matter what the defect is, is akin to receiving no notice at all, and that Oregon law does not allow for reasonable notice, relying on Option One Mortg. Corp. v. Wall, 159 Or. App. 354 (1999). In that case,
(continued...)

Page 9 - MEMORANDUM OPINION

Unlike in Staffordshire Investments, in this case the foreclosure sale has been completed and the trustee's deed recorded. The Oregon legislature expressly provided in ORS 86.770(1) that failure to give required notice to one person does not affect the validity of the sale "as to persons that were notified." Despite debtor's argument to the contrary, she did receive notice, albeit a notice that was defective in a way that did not relate in any way to her substantive rights.

Because I conclude that debtor is precluded from claiming that the sale was void due to the defect in the form of the notice of sale,

---

[5](...continued)
the issue was whether service of the notice of sale was properly made pursuant to ORS 86.750(1), which requires service by specific methods. The court noted that the methods set out in the statute do not include the reasonable notice standard set out in Oregon Rule of Civil Procedure 7D(1). Because the notice of sale had not been served by a method required by the statute, the court held that the purchasers were not entitled to possession of the property after the sale.

Option One Mortg. Corp. was a forcible entry and detainer action brought by the purchaser at a non-judicial foreclosure sale against the grantor of the trust deed who resided in the property. Although the court said that the notice of the sale was inadequate and the purchasers were not entitled to possession, it also noted that, although the FED court had considered title issues in determining whether the purchaser was entitled to possession, the FED court's "judgment may not determine how those issues affect title." Id. at 358.

This case is distinguishable from Option One Mortg. Corp. The grantor in that case did not get the full 120-day notice to which she was entitled, which could have affected her ability to protect her rights. I read Option One Mortg. Corp. to stand for the proposition that, even after the sale, a grantor may challenge the validity of a non-judicial foreclosure if the defect in the process relates to the grantor's rights. Here, debtor timely received the required notice of everything relating to the sale that affected her ability to protect her rights. The defect in process in this case relates to the rights of a non-existent third-party residential tenant, not debtor.

Page 10 - MEMORANDUM OPINION

plaintiffs are entitled to summary judgment on their first claim for relief declaring that they are the owners of the property free and clear of any claims of debtor. I understand the Normans to essentially join in plaintiffs' motion, seeking a determination that plaintiffs are the rightful owners of the property.

## CONCLUSION

The non-judicial foreclosure sale was valid and foreclosed any rights debtor had in the real property. Plaintiffs and the Normans are entitled to summary judgment on the claim for a declaration that plaintiffs are the owners of the property free and clear of any claim by debtor. Mr. Radmacher should submit an order granting the motions for summary judgment, as well as a judgment quieting title in plaintiffs and dismissing defendant-debtor's counterclaim.

###

cc: Jonathan M. Radmacher
    Erik J. Glatte
    Keith D. Karnes